CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 0 2 2010

JOHN F. CORCORAN, CLERK
BY: /s/
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROY STEVE DAVIS, | ) 7:10-CV-231 |
| Plaintiff, | ) Case No. 7:10CV00005 |
| v. | ) **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) By:  Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

This matter, pending in this court under the Federal Tort Claims Act (FTCA), is before the court on plaintiff's "Complaint for Injunction." Plaintiff asserts that the warden and a counselor at the prison where he is currently incarcerated in Adelanta, California are refusing to provide him with access to his legal files, records and documents pertaining to pending lawsuits, despite his repeated requests. Plaintiff asks the court to issue an injunction directing these "defendants" to locate and return his property to him. For the stated reasons, the court will construe plaintiff's motion as a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and transfer it to the appropriate federal court in California.

The defendants named in the motion are not parties to this lawsuit, which was transferred to this court as an FTCA claim against the United States. The FTCA creates a cause of action against the United States for monetary damages for injuries caused by the tortious conduct of federal employees acting within the scope of their employment, when a private person would be liable for such conduct under state law. See 28 U.S.C. § 1346(b)(1); Myers & Myers, Inc. v. United States Postal Serv., 527 F.2d 1252, 1256 (2d Cir.1975) (finding that FTCA suit lies only

against the United States, not its agencies or employees). Thus, in this FTCA action, plaintiff cannot pursue his claims against the prison officials at the California prison. The <u>Bivens</u> doctrine, however, allows a cause of action against federal officials named in their individual capacities for infringements of constitutionally protected interests. <u>Radin v. United States</u>, 699 F.2d 681, 684 (4th Cir. 1983). Therefore, the court concludes that plaintiff's claims in his current motion, alleging that the defendant prison officials are knowingly depriving him of access to his legal materials, are appropriately construed as <u>Bivens</u> claims.

This court is not the proper venue for plaintiff's <u>Bivens</u> claims. Under 28 U.S.C. § 1391(b), venue over a <u>Bivens</u> claim is proper in the district where any defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where any defendant may be found. The events or omissions giving rise to the claims alleged in plaintiff's motion occurred at the Victorville United States Penitentiary, which is part of a federal correctional complex located in Adelanto, California, within the territorial jurisdiction of the United States District Court for the Central District of California. Thus, venue would be proper in that court.

When a litigant files his lawsuit in a district where venue is not proper, the court may dismiss the case, or if it would be in the interests of justice, may transfer the case to a district where venue would be proper. 28 U.S.C. § 1406(a). As the court finds it to be in the interests of justice, the court will transfer plaintiff's <u>Bivens</u> claims to the United States District Court for the Central District of California. Appropriate orders will follow.

ENTER: This 2d day of June, 2010.

_____
United States District Judge

- 2 -